UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 1:22-cv-23235

Banco de los Trabajadores,

    Petitioner,

v.

DHK Finance, Inc.,

    Respondent.

_____/

**PETITION TO CONFIRM ARBITRAL AWARD**

Banco de los Trabajadores ("Bantrab") respectfully submits this Petition to confirm the international Final Award, dated August 5, 2022 (the "Award"), issued in its favor pursuant to the Inter-American Convention on International Commercial Arbitration, January 30, 1975, O.A.S.T.S. No. 42, 1438 U.N.T.S. 245 (the "Inter-American Convention").

**INTRODUCTION**

DHK Finance, Inc. ("DHK"), a Panamanian company, initiated an arbitration in Miami, Florida, against Bantrab, a Guatemalan bank, claiming almost $400,000,000.00 in damages. According to DHK, Bantrab breached its contractual obligations under a share certificate issued to DHK in Guatemala. But DHK's purported right to arbitrate did not emanate from that share certificate. Instead, DHK traveled under an arbitration clause in a questionable contract currently under scrutiny by the Guatemalan authorities.

DHK resurrected this controversial contract to avoid the proper adjudication of its claims in Guatemala. It was well aware that since 2016 its shares have been subject to a freeze order

issued by a Guatemalan court[1] that prohibited Bantrab from taking any action related to DHK's shares. The arbitrator ultimately saw past DHK's attempt to evade Guatemalan law and issued the Award disposing of all claims in favor of Bantrab, finding that Bantrab did not breach any of its contractual obligations to DHK, and that Bantrab was not unjustly enriched.

## NATURE OF THE ACTION

1.  This Petition is brought under the Inter-American Convention, incorporated into the Federal Arbitration Act ("FAA") at 9 U.S.C. §§ 301-308, to confirm a final arbitral award.

2.  This Petition is submitted under Chapter 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 301 –307, which provides for the enforcement of the Inter-American Convention over the New York Convention[2] when "a majority of the parties to the arbitration agreement are citizens of a State or States that have ratified or acceded to the Inter-American Convention and are member States of the Organization of American States." *See* 9 U.S.C. § 305.

3.  The United States, Panama, and Guatemala are signatories to the Inter-American Convention and the New York Convention (together, the "Conventions"). *See* OAS, Inter-American Treaties, https://www.oas.org/juridico/english/sigs/b-35.html.

4.  Section 302 of the FAA provides that "[s]ections 202, 203, 204, 205, and 207 of this title [those referring to the New York Convention] shall apply to this chapter as if specifically set forth herein, except that for the purposes of this chapter "the Convention" shall mean the Inter-American Convention." 9 U.S.C. § 302. In other words, the Inter-American Convention will apply the abovementioned provisions of the New York Convention without distinction. *E.g., PDV Sweeny, Inc. v. ConocoPhillips Co.*, 2015 WL

---

[1] *Orden de Secuestro, Embargo y Suspensión de Derechos de Propiedad del Juzgado de Extinción de Dominio* (the "Freeze Order").
[2] United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38.

2

5144023, at *4 (S.D.N.Y. Sep. 1, 2015) ("This is not particularly consequential, as the Inter–American Convention is substantively identical to the New York Convention and applies concomitantly in this case."); *Gerson v. UBS Financial Services, Inc.*, 2012 WL 3962374, at *3 (S.D. Fla. Sep. 10, 2012) ("9 U.S.C. §305(1) (2012), and the commercial relationship at issue in the arbitration is not "a relationship which is entirely between citizens of the United States." *Id*. § 202 (incorporated by reference to apply to the Panama Convention in 9 U.S.C. § 302)."). Accordingly, all references to the present Petition will also be to the relevant sections under Chapter 2 of the FAA and to the New York Convention.[3]

5.  Confirmation of an arbitral award under the Inter-American Convention is a summary proceeding. *E.g., Empresa De Telecommunicaciones De Bogota*, *S.A. E.S.P. v. Mercury Telco Grp., Inc.*, 670 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009). The court need only find that the arbitral award is made in a nation that is signatory to the Interamerican Convention. 9 U.S.C. § 304.

6.  That requirement is easily met here. The Award is a final, non-domestic international commercial arbitration award issued on August 5, 2022 after an arbitration proceeding held in Miami, Florida, under the International Centre for Dispute Resolution ("ICDR") Rules, and administered by the American Association of Arbitration ("AAA"). The Award was made in the United States, a signatory to the Inter-American Convention, and the parties are citizens of Panama and Guatemala, also signatories to the Inter-American Convention.

7.  The Award was rendered in favor of Bantrab finding that Bantrab had not breached its contractual obligations to DHK arising out of its preferred stock in Bantrab and that

---

[3] The Inter-American Convention and New York Convention are identical for all relevant purposes, notably, 9 U.S.C § 302 (addressing the Inter-American Convention) expressly incorporates by reference 9 U.S.C. §§ 202-207, which governs enforcement under the New York Convention. *See Empresa Constructora Contex Limitada v. Iseki, Inc.*, 106 F. Supp. 2d 1020, 1024 (S.D. Cal. 2000).

it was not unjustly enriched. A certified copy of the Award in Spanish is attached as **Exhibit A**, as well as an English translation of the same document.[4]

## PARTIES

8. Bantrab is a company incorporated under the laws of Guatemala with its principal place of business in Guatemala City, Guatemala.

9. DHK is a company incorporated under the laws of Panama with its principal place of business in Panama City, Panama.

## VENUE AND JURISDICTION

10. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. §§ 202, 203, and 302 as well as 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 9 U.S.C. §§ 204, 301 and 302. A petition to confirm an arbitration award under the Inter-American Convention "may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought...." 9 U.S.C. §§ 204, 302; *see Cortez Byrd Chips, Inc. v. Bill Halbert Constr. Co.*, 529 U.S. 193, 195, 202 (2000) (holding that the venue provisions in the FAA, including section 204, are permissive; thus allowing a petition to confirm an award in any district proper under the general venue statute [28 U.S.C.A. § 1391]). Venue is proper under section 1391(b)(3) and of the United States Code because this Court has personal jurisdiction over DHK. *See* 28 U.S.C. § 1391(b)(3) ("any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

---

[4] Despite several conferral attempts, Bantrab was not able to obtain DHK's position regarding the confidentiality of the Award before the filing of this petition. In an abundance of caution, Bantrab is filing the Award under seal and redacting quoted portions of the Award from the petition. It is Bantrab's position that the information is not confidential. Concurrent with this petition Bantrab will file a motion for leave to file Exhibit A under seal.

12. This Court has personal jurisdiction over DHK based on its consent to jurisdiction in Florida and under Fla. Stat. § 684.0049 because DHK initiated the arbitration proceeding against Bantrab in Florida and the Award was issued in Florida.[5]

## FACTS

13. On May 14, 2012, unbeknownst to Bantrab, three of its officers and a representative of DHK entered into an Agreement of Understanding whereby, among several questionable terms including bribes to the three officers, DHK would purchase $20,000,000.00 in Bantrab's stock. A copy of the Agreement of Understanding in Spanish is attached as **Exhibit B**, as well as an English translation of the same document.

14. Clause 5 of the Agreement of Understanding contains the following arbitration clause:

> CLAUSE 5: Any dispute, controversy or claim arising out of, related to or in connection with this agreement, including but not limited to all questions of jurisdiction, existence, scope, validity, performance, interpretation, termination, the rights and the division of all reasonable costs and attorney's fees of the prevailing party, amendment, or breach of same, shall be determined by arbitration before a single arbitrator who shall rule and interpret by the laws of the State of Florida, (the situs of the hearings shall be in Florida) and shall be administered by the lnternational Centre for Dispute Resolution in accordance with its International Commercial Arbitration Rules, which are deemed to be incorporated by reference in this agreement. If any provision of this arbitration agreement or the application thereof to any person or circumstance is declared invalid, such invalidity shall not affect other provisions or applications of this agreement, and the judgment on the award issued by the arbitrator(s) may be registered in any court that has jurisdiction over same.

15. On August 9, 2013, Bantrab issued 16,655,000 shares to DHK in exchange for $20,000,000.00. These shares were represented in a certificate that established all the terms and conditions previously accepted by the parties.

---

[5] To the extent necessary, Fed. R. Civ. P. 4(k)(2) would provide an alternative basis for personal jurisdiction.

16. In March of 2016, the Guatemalan authorities opened an investigation into DHK and the three Bantrab officers that signed the Agreement of Understanding resulting in a court issuing the order freezing DHK's shares in Bantrab as well as its banks accounts.

17. In an unsuccessful effort to avoid the Freeze Order, on May 18, 2018, DHK presented its request for arbitration with the ICDR and initiated an arbitration in Miami, Florida, claiming almost $400,000,000.00 in damages against Bantrab for the bank's purported breach of its contractual obligations under the share certificate.

18. On August 28, 2018, an arbitrator was appointed, and the Tribunal was constituted.

19. DHK and Bantrab presented their claims and defenses before the Tribunal with the final arbitration hearing taking place in Miami, Florida on July 19, 2021. Both DHK and Bantrab were present and represented by counsel.

## THE AWARD

20. On August 5, 2022, the Tribunal rendered its final written arbitral award, which disposed of all the claims before the Tribunal in favor of Bantrab.

21. In section XIV of the Award, in the subsection titled *Declaraciones*, the Tribunal declared that:





22. In the same section, in the subsection titled *Decisiones*, the Tribunal held:



---

[6] DHK did not dispute dividend payments for the years 2013 and 2014.

## APPLICABLE LAW

23. Chapters 2 and 3 of the FAA incorporate into U.S. law the Inter-American Convention and the New York Convention.

24. Under 9 U.S.C. § 207, any party to an arbitration proceeding may seek confirmation and enforcement of the arbitral award within three years after the award was made. Given that the Award was made on August 5, 2022 this Petition is timely.

25. "The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Sherk v. Alberto-Culver*, 417 U.S. 506, 520 n.15 (1974). "The Convention, and American enforcement of it through the FAA, 'provide[s] businesses with a widely used system through which to obtain domestic enforcement of international commercial arbitration awards resolving contract and other transactional disputes, subject only to minimal standards of domestic judicial review for basic fairness and consistency with national public policy.'" *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440 (11th Cir. 1998).

26. Federal courts, including the Eleventh Circuit, have long recognized a "general pro-enforcement bias" informing the Inter-American and New York Conventions. *See, e.g., id.* (recognizing that the intent of the U.S. in adopting the New York Convention was to "encourage the recognition and enforcement of international arbitral awards" (quotation marks omitted)); *see also Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier (RAKTA)*, 508 F.2d 969, 973 (2d Cir. 1974).

27. Under the Court's "pro-enforcement bias" the party opposing confirmation or enforcement of an arbitral award bears the burden of establishing one of seven exceptions. *Indus. Risk Insurers*, 141 F.3d at 1442. Further, the party opposing confirmation of the award must make "a convincing showing" that one of these narrow seven exceptions applies, or the award is confirmed. *In re Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 309 (S.D. Tex. 1997).

28. The Award is final and binding.

29. The Award has not been set aside.

30. Here, none of the seven exceptions specified in the Inter-American Convention for refusal of recognition or enforcement of the Award exist. **First**, neither party was under any incapacity, and the parties' agreement to arbitrate was found by the Tribunal to be valid. **Second**, DHK was given proper notice of the arbitration and was permitted ample opportunity to present their case. **Third**, the Award is limited in scope only to those issues raised by the parties and properly subject to arbitration under the terms of the parties' arbitration clause. **Fourth**, the composition of the Tribunal was in accordance with the contract between the parties. **Fifth**, the Award became binding on the parties immediately when issued. **Sixth**, the subject matter of the parties' dispute is capable of settlement by arbitration. **Seventh**, recognition and enforcement of the Award is aligned with public policy in the U.S., which favors honoring parties' contractual agreements, and would not be contrary to any "explicit public policy" that is "well-defined and dominant … [and is] ascertained 'by reference to the laws and legal precedents and not from general consideration of supposed public interests.'" *Indus. Risk Insurers*, 141 F.3d at 1445.

31. The confirmation of a foreign arbitral award under the Inter-American Convention is a summary procedure. *See Empresa De Telecomunicaciones De Bogota*, 670 F. Supp. at 1361; *Booth v. Hume Publ'g. Inc.*, 902 F.2d 925, 932 (11th Cir. 1990) (finding that

under the FAA "the district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony"); *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976) (noting the New York Convention "prescribed a summary procedure in the nature of federal motion practice to expedite petitions for confirmation of foreign arbitral awards").

32. In light of the above, the Award should be recognized and confirmed in all respects pursuant to the Inter-American Convention and the New York Convention.

## PRAYER FOR RELIEF

WHEREFORE, Bantrab respectfully requests that this Court

a. Enter an order confirming the Award of the Arbitral Tribunal, as authorized by 9 U.S.C. §§ 207, 302;

b. Enter a judgment that confirms the Award;

c. Award Bantrab its costs in bringing this action, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure;

d. Retain jurisdiction over this matter through the entry of any judgment and issue any and all orders necessary for Bantrab to enforce this judgment; and

e. Grant any such further relief as the Court may deem just and proper.

Dated: October 5, 2022               Respectfully submitted,

By:     s/Amanda McGovern
AMANDA MCGOVERN
Florida Bar No. 964263
JORGE A. MESTRE
Florida Bar No. 88145
ANA MALAVE
Florida Bar No. 83839
SYLMARIE TRUJILLO
Florida Bar No. 112768

**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: amcgovern@riveromestre.com
E-mail: jmestre@riveromestre.com
E-mail: amalave@riveromestre.com
E-mail: strujillo@riveromestre.com
E-mail: receptionist@riveromestre.com